ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_HILLSBOROUGH_ Division

## CIVIL RIGHTS COMPLAINT FORM

Derric E. Thompson 504521    CASE NUMBER: 8:11 CV 839 T 30 TBM
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

(1.) V., Hillsborough / HILLSBOROUGH COUNTY JAIL "FAULKENBURG RD JAIL
(2.) MAJOR THOMAS BLISS - JAIL DIRECTOR, Individual and official capacity
3. DEPUTY QUILES, individual and official capacity
4. SHERRIFF DAVID GEE, individual and official capacity
5. Dr. Harvey Hoffman "ABN 210793", individual and official Capacity "CHIEF HEALTH DR. FAULKENBURG JAIL
6. ARMOR CORRECTIONAL HEALTH SERVICES, Official Capacity
7. NURSE - DENISE EDMUNDS "ABN 213418" individual and Official capacity
8. NURSE - STEPHANIE GILMORE "ABN 199730" individual & official capacity
9. "NP" _____ (*) on EVE of 3-7-09; individual and official Capacity
10. ALL JOHN AND JANE DOES, individual and official capacities
DEFENDENT[S]

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Apalachee Correctional Inst. East
(Indicate the name and location)
35 Apalachee dr.
Sneads Florida 32460

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

In Ref to this Complaint
NP = Nurse Practitioner on Night of 3-7-09 7pm? who treated Plaintiff
(*) = information was paid for by Plaintiff but not received; Exhibit B
HE = Plaintiff

DC 225 (Rev. 9/03)                    1

N.P.

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

    3. Were you denied emergency status? Yes (X) No ( )

        a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (X) No ( )

        b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.

_____N/A_____
Signature of Plaintiff

DC 225 (Rev. 9/03)

III. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?</u> Yes (X) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (X) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (X) No ( )

C. If your answer is YES:

  1. What steps did you take? _i notified the officer on duty to contact Medical Staff immediately_

  2. What were the results? _i was delayed medical attention for over 24 hrs_

  3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _N/A_

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __12__ day of __April__, 2_011_.

_____
Signature of Plaintiff

DC 225 (Rev. 9/03)

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (X)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (X)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

    Plaintiff(s): N/A

    Defendant(s): N/A

2. Court (if federal court, name the district; if state court, name the county): N/A

3. Docket Number: N/A

4. Name of judge: N/A

5. Briefly describe the facts and basis of the lawsuit: N/A

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): N/A

7. Approximate filing date: N/A

8. Approximate disposition date: N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case: N/A NONE

DC 225 (Rev. 9/03)

5

_____

_____

_____

_____

_____

V.   PARTIES: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: _Derric E Thompson  # DOC 504521_

   Mailing address: _Apalachee Correctional Inst. East_
   _35 Apalachee dr  Sneads Fla 32460_

B. Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: _Hillsborough County Jail - Major Thomas Bliss_

   Mailing Address: _520 Faulkenburg Rd_
   _Tampa Fla  33619_

   Position: _Director_

   Employed at: _Faulkenburg Rd Jail_

D. Defendant: _Deputy Quiles (QUILES)_

   Mailing Address: _520 Faulkenburg Rd_
   _Tampa Fla  33619_

   Position: _Officer/Deputy_

   Employed at: _Faulkenburg Road Jail_

DC 225 (Rev. 9/03)

6

E. Defendant: Denise Edmunds
Mailing Address: 520 Faulkenburg Rd
Tampa Fla 33619
Position: Nurse - AbN 213418
Employed at: Faulkenburg Road Jail

F. Defendant: Stephanie Gilmore
Mailing Address: 520 Faulkenburg Rd
Tampa Fla 33619
Position: Nurse - AbN 199730
Employed at: Faulkenburg Rd Jail

G. Defendant: Dr. Harvey Hoffman
Mailing Address: 520 Faulkenburg Rd
Tampa Fla 33619
Position: Chief Medical Director 3/09
Employed at: Faulkenburg Rd Jail

## DEFENDANT LIST CONT.

H. Sheriff David Gee : Defendant
P.O. Box 3371 : Mailing Add
Tampa Fla 33601
Sheriff of Hillsborough County Fla : Position
Sheriff's Office : Employed

I. Armor Correctional Health Svcs : Defendant
4960 S.W. 72nd avenue : Mailing Add
Suite 400 - Miami Fla 33155

J. NP (*) Jane Doe / John Doe : Defendant
*Note Jane/John Doe's signature
is un-readable in the Medical Record
in; EXHIBIT A

K. ALL JOHN and JANE DOES, et al : Defendant
Acting at all times under
COLOR OF LAW.

Pg 7A

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

1.) "Eighth Amendment" Claims of deliberate indifference of serious medical need

2.) Deliberate indifference of 14th Amendment

3.) Supervisory Liability

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

On or about March 6, 2009, the Plaintiff Derric Thompson, was injured while in jail at Faulkenburg Road Jail in Hillsborough County Fla.: being held awaiting court and in the custody of Hillsborough County Sheriff's Office. The Plaintiff injured his left thumb severely causing excruciating pain. Plaintiff Mr. Thompson reported the incident immediately to Deputy Quiles - the dorm officer who responded by telling Plaintiff to see the next shift at 7:00 pm concerning the injury. This incident occurred about 6:10 pm.

DC 225 (Rev. 9/03)                                8

**Statement of Facts, continued:**

Plaintiff explained to deputy Quiles that he was in "great severe pain." Defendant Quiles" then called his boss/supervisor; unaware of the conversation between Defendant Quiles and his supervisor the Plaintiff Mr. Thompson was still told he could see the next shift nurse when she came to pass out meds. in Quad D... Deputy Quiles violated the Plaintiff's Eighth Amendment right acting with deliberate indifference in the disregard to wanton infliction of pain. Deputy Quiles failed to immediately call the medical clinic to have the "plaintiff" seen of his necessary urgent medical need - but instead Plaintiff was forced to wait for the next shift to change at 7:00 pm; where upon about 7:40 pm a black nurse (Denise Edmunds) came in on her regular medical stop at which time the Plaintiff explained his pain and suffering and even suggested to the nurse that his thumb was broke do to the type of pain he was experiencing. Plaintiff showed his (2 times); the normal size Swollen thumb, to the nurse, and showed her how Black & Blue the left thumb was.

## Statement Of Facts con't:

This nurse stated that the Plaintiff needed to go to the clinic and asked the shift officer to do a report. Mr. Thompson (Plaintiff) asked several times about the clinic but was given the run-around by Officer JHON DOE; the dorm officer in Quad D on 3-6-2009 7pm shift. Officer JOHN DOE then stated that nurse Edmunds said Mr. Thompson's thumb was just sprung or badly bruised. Both the officer (JHON DOE) and Nurse Edmunds acted under the color of State law with deliberate indifference and in disregard to Plaintiff's wanton infliction of pain and serious medical need" and failed to provide adequate medical care.

The next day on March 7, 2009 about 3:30pm - 6:45pm the plaintiff called home/ Sheila Brewer; his girl friend complaining of his severe pain in his thumb and asked her to call back into the jail and speak to a supervisor in attempt to get medical attention of his severe medical need to see why Plaintiff was in so much pain. Finally at 7:32pm on March 7, 2009, the Plaintiff was taken to the medical clinic and rushed out by unknown male NP _____ (*) JANE or JOHN DOE; that pulled on Plaintiff's thumb causing severe pain to shoot up Plaintiff's arm. Mr. Thompson was told by NP _____ (*) that his thumb was just bruised and jammed. The Plaintiff explained that the pain he was experiencing felt like more than a jammed or sprained thumb.

9(A)

### Statement of Facts Cont.

Plaintiff's viewpoint was overlooked. Plaintiff experienced several sleepless nights continuing to suffer from severe pain in his thumb. Plaintiff continued to try and get medical attention but was denied this serious necessary medical care. After being seen by _____ unknown "nurse" NP (*) on March 7, 2009 she/he stated to the Plaintiff that he would be called out to medical the next day for X-rays; then was given over the counter pain medication. This was the only thing done about the severe pain the plaintiff was experiencing. The unknown _____ NP (*) failed to call the dorm the next morning - nor did any other medical staff call or do a follow up concerning this Serious medical need - and get the Plaintiff to X-Ray. In fact, the Plaintiff complained to officers for the next few days - while enduring continued pain & suffering on every shift. The Plaintiff lost sleep and has emotional scars for being overlooked over this period of time - which could have been avoided had he received the proper adequate medical attention.

Then on March 11, 2009 after days of complaining an officer allowed Mr. Thompson (Plaintiff) to talk to Nurse Stephanie Gilmore at 8AM who made a call. Plaintiff assumed the call was to medical.

Statement of fact Con't

but he was in too much pain to understand what Ms. Gilmore was saying to the other party on the phone. HOWEVER; nothing was done. Ms. Gilmore told me (THE Plaintiff) that someone would be getting back to him. Nurse Gilmore witnessed Plaintiff's thumb being 2x it's size and Black and Blue. Plaintiff explained to Nurse Gilmore, the pain he was experiencing in his left hand and arm and once again he was left in pain.

    All those involved; Deputy Quiles, Nurse Edmunds, Nurse Gilmore, unknow NP (*) and other defendants not known at this time acting under the color of state law violated the Plaintiff's Eighth Amendment Rights by acting with deliberate indifference to a serious medical necessary condition of wanton infliction of pain. Armor Correctional Health Services, directors, and administrators; as well as Major Thomas Bliss - Faulkenburg Road Jail Director and Sheriff David Gee, for inadequate supervision and inadequate policy in providing an Emergency Medical System to serious complaints of pain and Suffering).

    These allegations are substantiated by the fact that upon arriving at the Central Florida Reception Center on or about March 13, 2009; Plaintiff continued to complain about the pain in his thumb-hand and arm.

9(c)

Statement of Facts Cont

Plaintiff was given pain medication and was told he would see the doctor in a few days, as he was scheduled for a complete physical.

On April 6, 2009 the Plaintiff saw Dr. Ramirem for a physical - but complained of his pain in his thumb - hand and arm. Dr. Ramirem contacted Dr. David A. Saks M.D. and within a couple of hours and X-Ray was done to Plaintiff's left hand and thumb. The X-Ray revealed that the Plaintiff's thumb was badly broken in 4 places and should have required surgery. see exhibit A:

By the Plaintiff not receiving adequate medical care at Faulkenburg Road Jail - it has caused the Plaintiff permanent thumb and hand damage as explained to him by Dr. Ramirem, as a result of egregious delay and denial of adequate medical care by staff of the Faulkenburg Road County Jail - Hillsborough County, Fla. Dr. Ramirem explained to Plaintiff that the bones in his thumb had already started to heal but proper healing was not going to happen with out re-breaking the Plaintiff's thumb; and still there were no guarantees as medical treatment was not timely. Plaintiff still experiences pain in left thumb - hand and arm he has learned to live with but has suffered full use of his left hand.

9(2)

Statement of facts Con't

The Plaintiff Demands a Jury trial in this cause...

9(E)

# Demand

Complaintant demands the Maximum allowed by law - two hundred & fifty thousand dollars; 250,000.00 for the damages and neglections and pains and sufferings listed below, along with Constitutional violations by each Defendant listed in this suit.

A). Damages: Mental - Emotional and physical damages occured over a period of time; that's cruel & unusual and lack of professionalism and judgement by all parties involved.

B). Pain & Suffering for over thirty days due to the fact that complaintant was denied "proper" & fair & considerate treatment by Hillsborough County Sheriff's office and also denied proper and adequate medical treatment by Sub-Contractor employed by Hillsborough County jail for the sole purpose of treating it's detainees

9(F)

# Demand - Con't

C).(1) Neglect is evident in it's own merit, when - both the Hillsborough County Sheriffs office and it's Subcontracted Medical Co. both disreguarded complaints by the Complaintant of constant pain to his thumb.

C).(2) Neglect was again displayed by both the Hillsborough County Sheriffs office (FRJ) and it's Subcontracted Medical Co when each of them "neglected" to follow up the initial medical evaluation that was finally given to the Complaintant on 3/7-09.

D). Not only has Physical harm, Physical Pain & Suffering, Mental and Emotional damages been caused; but the Complaintant's 8th and 14th Amendment rights were also violated which are under the protection of the Constitution.

9 (G)

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Enter preliminary and permanent injunctions against Major Thomas Bliss, Sheriff David Gee and Armor Correctional Health Services. Enter judgement in favor of Plaintiff for nominal, compensatory and punitive damages, jointly and severally as allowed by against each defendant where demands judgement including but not limited in the sum of 250,000.00 dollars. All court costs and Attorney's fees. All amounts awarded with daily compounded interest.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _12th_ day of _April_, 2_011_.

_____

/s/ Deric E. Thompson

(Signatures of all Plaintiffs)

The Plaintiff requests that Florida Department of Corrections and/or State of Florida be prohibited from filing any countersuit for room and board while incarcerated in the State Penal Institution.
Affiant states that the defendants are not in the military service of the United States.
Executed on this ___ day of April 2011
/s/ D. Thompson
Deric E. Thompson

DC 225 (Rev. 9/03)

10