## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DERRIC E. THOMPSON, *pro se,*

     Plaintiff,

-vs-                        Case No.  8:11-cv-839-T-30TBM

THOMAS BLISS, et al.,

     Defendants.

_____/

### ORDER

Before the Court is the *pro se* prisoner Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 and against Defendants: Hillsborough County Jail ("HCJ"); David Gee, Sheriff of Hillsborough County; Major Thomas Bliss; Deputy Quiles; Dr. Harvey Hoffman; Nurse Denise Edmunds; Nurse Stephanie Gilmore; Armor Correctional Health Services ("Armor"); "NP" an unnamed nurse; and John and Jane Does, alleging deliberate indifference to Plaintiff's serious medical needs while a prisoner at HCJ.

### STANDARD OF REVIEW

The Court has examined his complaint in accord with 28 U.S.C. § 1915A.  In pertinent part, § 1915A provides:

> (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee.  The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*.  *See id.*  The Court finds, for reasons set forth *infra*, that the complaint should be dismissed with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted against some of the Defendants.  *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

A claim is frivolous when it "has little or no chance of success," I .e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless ." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief.  *See Brower v. County of Inyo,* 489 U .S . 593, 598 (1989).

## DISCUSSION

The complaint alleges that on March 6, 2009, Plaintiff was incarcerated at HCJ, and injured his left thumb while playing basketball at approximately 6:10 p.m. He was in severe pain, and immediately told Deputy Quiles that he had hurt his thumb. Deputy Quiles told him "to see the next shift at 7:00 p.m. concerning the injury." Plaintiff explained to Deputy Quiles that he was in severe pain. Deputy Quiles contacted and spoke with his supervisor. Plaintiff, however, was told to see the nurse during the 7:00 p.m. shift, when she comes to the prisoners' cells to distribute medications.

At 7:40 p.m., Nurse Edwards came to Plaintiff's cell. Plaintiff explained to her that he was experiencing severe pain in his thumb, and that he believed his thumb was broken. His thumb was significantly swollen and bruised. Nurse Edwards told Plaintiff that he needed to go to the medical clinic. She also asked the shift officer to prepare a report.

Plaintiff was not taken to the clinic. He asked the dorm officer, John Doe, several times about going to the medical clinic. The dorm officer, however, gave Plaintiff "the runaround," and told Plaintiff that Nurse Edwards had told him that Plaintiff's thumb "was just sprung [sic] or badly bruised."

On March 7, 2009, at some time between the hours of 3:30 p.m. and 6:45 p.m., Plaintiff made a telephone call to his girlfriend. He told her that he had injured his thumb and was in great pain, and asked her to call HCJ and ask to speak to a supervisor so that she could explain to the supervisor that Plaintiff was in need of medical attention. At 7:32 p.m., Plaintiff was taken to the medical clinic.

3

At the medical clinic, a male nurse, John Doe, pulled on Plaintiff's thumb, causing Plaintiff significant pain.  The nurse rushed Plaintiff out of the clinic and told him that his thumb was "just bruised and jammed."  Plaintiff explained to the nurse that the pain he was experiencing indicated to him that his thumb was not merely jammed or sprained.  The nurse gave  Plaintiff "over the counter pain medication," and told Plaintiff that he would be called out to medical the next day for x-rays of his thumb.

Plaintiff was not called out the next day for x-rays.  In fact, for the next four days Plaintiff continued to suffer extreme pain in his thumb, and complained to officers on every shift about his pain.  Plaintiff was unable to sleep at night because of the pain.

On March 11, 2009 at 8:00 a.m., Plaintiff talked to Nurse Stephanie Gilmore.  He told her that he was experiencing pain in his left hand and arm, and Nurse Gilmore could see that his hand was significantly swollen and bruised.  Plaintiff saw Nurse Gilmore make a call, and he assumed that she was calling the medical department.  Plaintiff, however, did not receive any medical attention.

On March 13, 2009, Plaintiff was transferred from HCJ to the Central Florida Reception Center.  He continued to complain about the pain in his thumb, hand, and arm.  He was given pain medication and told that he could see the doctor in a few days when he was scheduled for a complete physical.

On April 6, 2009, Plaintiff was seen by a doctor for a physical.  During the physical, Plaintiff complained to the doctor about the pain in his thumb, hand, and arm.  The doctor referred Plaintiff to another doctor who, within a couple hours of examining Plaintiff's hand,

took an x-ray of Plaintiff's hand and thumb.  The x-ray revealed a "transverse fracture, base of distal phalanx of thumb." (Dkt. 1-1 at 3).  The doctor who saw Plaintiff for his physical told Plaintiff that the delay in treatment of Plaintiff's fractured thumb caused permanent damage to his thumb and hand.  Plaintiff continues to suffer pain in his thumb, hand, and arm, and has lost full use of his left hand.

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments.  He also asserts that Defendants Gee, Bliss, and Armor are liable "for inadequate supervision and inadequate policy in providing an emergency medical system to serious complaints of pain and suffering."  (Dkt. 1 at 13).  As relief, Plaintiff requests nominal, compensatory, and punitive damages against all Defendants (Id. at 18).  He also requests unspecified injunctive relief against Defendants Gee, Bliss, and Armor (Id.).

**Hillsborough County Jail**

Plaintiff has sued the HCJ under § 1983. A county jail, however, is not an entity that can be sued as a "person" under the statute. *See, e.g., Marsden v. Federal B.O.P.*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994); *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx 436, 437 (8th Cir. 2001) (affirming dismissal of county jail for failure to state a claim because not a suable entity for purposes of a § 1983 action) (citing *Marsden* and *Barber*). *See also, Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008)

(unpublished opinion) (affirming the dismissal of a police department because "[u]nder Florida law, police departments are not legal entities amendable to suit").  Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff.  *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla.1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983).  Accordingly, the HCJ is not a proper party to this action, and therefore will be dismissed from this action.

**Sheriff Gee**

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the Hillsborough County Sheriff's Office.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendant Gee in his official capacity under § 1983, Plaintiff must demonstrate that Defendant Gee had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, Plaintiff's complaint fails to identify with specificity any policies, customs, or procedures instituted by Defendant Gee that led to his injuries. The allegations in the complaint do not show more than the medical personnel's isolated wrongdoings, and fail to establish Defendant Gee's inadequate policy, custom, or supervision of the medical defendants. Therefore, the complaint fails to state a claim against Defendant Gee in his official capacity.

To the extent that the allegations of the complaint may be read as an attempt to assert a claim against Defendant Gee predicated upon his supervisory position as the Sheriff of Hillsborough County, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006). Under § 1983, supervisory liability occurs only when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Cottone*, supra at 1360. The complaint is entirely void of any facts that might be read to support an inference that a causal connection exists between Defendant Gee's

conduct and Plaintiff's alleged injuries. Therefore, the claims against Defendant Gee in his individual capacity are subject to dismissal.

**Armor Correctional Health Services; Major Bliss**

Plaintiff asserts a § 1983 claim against Defendants Armor and Bliss under a theory of supervisory liability. As noted *supra*, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *Miller*, 384 F.3d at 1261. Plaintiff's vague and conclusory allegations that these defendants are liable "for inadequate supervision and inadequate policy in providing an emergency medical system to serious complaints of pain and suffering" (Dkt. 1 at p. 13) are wholly insufficient to state a claim for relief against these Defendants. The complaint is devoid of any facts in support of these contentions. As the Supreme Court instructs, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, the claims against Defendants Armor and Bliss are subject to dismissal.

**Claims against John and Jane Does and NP Nurse**

With regard to Defendants "John and Jane Doe" and "NP nurse," "fictitious party practice is not permitted in federal Court." *Rolle v. Brevard County, Florida*, 2007 U.S. Dist. LEXIS 6920, 2007 WL 328682 *14 (M.D. Fla. Jan 31, 2007) (citing *New v. Sports Rec., Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997)) (other citations omitted). Although Plaintiff

identifies Defendants John and Jane Doe and "NP nurse" as members of the security or medical staff at Hillsborough County Jail, this information is insufficient for the Court to effect service of process on these Defendants.  *See Id.*; *Dean v. Barber*, 951 F.2d at 1215-1216.  It is possible that the identity of these Defendants will be uncovered during discovery, at which time Plaintiff may seek leave from the Court to amend his complaint. Thus, at this time, the Court will dismiss Defendants John and Jane Doe and "NP nurse" without prejudice.

**Dr. Harvey Hoffman**

Plaintiff names Dr. Harvey Hoffman, the Chief Medical Director at HCJ, as a defendant to this action. Dr. Hoffman must be dismissed because the complaint "fails to allege facts that associate [Dr. Hoffman] with [an alleged] violation." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted).

**Request for Injunctive Relief**

The allegations of the complaint fail to show that injunctive relief is warranted in this case.  First, Plaintiff does not specify the action(s) with which he seeks to have this Court direct the Defendants comply.  Second, because Plaintiff is no longer incarcerated at HCJ, it appears that any claim for injunctive relief against Defendants would be moot. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief.").

## Leave to Amend

Within **thirty (30) days** from the date of this Order, Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference.  **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff ***must*** limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts.  In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the

10

Case 8:11-cv-00839-JSM-TBM   Document 7   Filed 10/19/11   Page 11 of 11 PageID 87

claimed violations.   Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.

2.      The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint.  This case number should be written on the form.

3.      Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4.      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action.

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff