**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DERRIC E. THOMPSON,

    Plaintiff,

-vs-                                  Case No. 8:11-cv-839-T-30TBM

THOMAS BLISS, et al.,

    Defendants.
_____/

**ORDER**

Before the Court is the *pro se* prisoner Plaintiff's amended civil rights complaint (Dkt. 10) filed pursuant to 42 U.S.C. § 1983 and against Defendants: David Gee, Sheriff of Hillsborough County; Major Thomas Bliss; Deputy Quiles; Dr. Harvey Hoffman; Nurse Denise Edmunds; Nurse Stephanie Gilmore; Armor Correctional Health Services ("Armor"); "NP" an unnamed nurse; and John and Jane Does, alleging medical malpractice and deliberate indifference to Plaintiff's serious medical needs while a prisoner at Hillsborough County Jail ("HCJ"), Tampa, Florida.

**STANDARD OF REVIEW**

The Court has examined the amended complaint in accord with 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>  (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.* The Court finds, for reasons set forth *infra*, that the complaint should be dismissed with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted against some of the Defendants. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless ." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. *See Brower v. County of Inyo,* 489 U .S . 593, 598 (1989).

## DISCUSSION

The amended complaint alleges that on March 6, 2009, Plaintiff was incarcerated at HCJ, and injured his left thumb while playing basketball at approximately 6:10 p.m. He was in severe pain, and immediately told Deputy Quiles that he had hurt his thumb. Deputy Quiles told him "to see the next shift at 7:00 p.m. concerning the injury." Plaintiff explained to Deputy Quiles that he was in severe pain. Deputy Quiles contacted and spoke with his supervisor. Plaintiff was again told to see the nurse during the 7:00 p.m. shift, when she comes to the prisoners' cells to distribute medications.

At 7:40 p.m., Nurse Edmunds came to Plaintiff's cell. Plaintiff explained to her that he was experiencing severe pain in his thumb, and that he believed his thumb was broken. His thumb was significantly swollen and bruised. Nurse Edmunds told Plaintiff that he needed to go to the medical clinic. She also asked the shift officer to prepare a report.

Plaintiff was not taken to the clinic. He asked the dorm officer, John Doe, several times about going to the medical clinic. The dorm officer, however, gave Plaintiff "the run-around," and told Plaintiff that Nurse Edmunds had told him that Plaintiff's thumb "was just badly bruised or sprung [sic]."

On March 7, 2009, at 10:30 a.m., Plaintiff was given ice for his thumb (see Dkt. 10-1 at 2). Some time between the hours of 3:30 p.m. and 6:45 p.m. that day, Plaintiff made a telephone call to his girlfriend. He told her that he had injured his thumb and was in great pain, and asked her to call HCJ and ask to speak to a supervisor so that she could explain to

the supervisor that Plaintiff was in need of medical attention. At 7:32 p.m., Plaintiff was taken to the medical clinic.

At the medical clinic, a male nurse, John Doe, pulled on Plaintiff's thumb, causing Plaintiff significant pain. The nurse rushed Plaintiff out of the clinic and told him that his thumb was "just bruised and jammed." Plaintiff explained to the nurse that the pain he was experiencing indicated to him that his thumb was not merely jammed or sprained. The nurse gave Plaintiff "over the counter pain medication," and told Plaintiff that he would be called out within 24 hours for x-rays of his thumb.

Plaintiff was not called out the next day for x-rays. In fact, for the next four days Plaintiff continued to suffer extreme pain in his thumb, and complained to officers on every shift about his pain. Plaintiff was unable to sleep at night because of the pain.

On March 11, 2009 at 8:00 a.m., Plaintiff talked to Nurse Stephanie Gilmore. He told her that he was experiencing pain in his left hand and arm, and Nurse Gilmore could see that his hand was significantly swollen and bruised. Plaintiff saw Nurse Gilmore make a call, and he assumed that she was calling the medical department. Plaintiff, however, did not receive any medical attention.

On March 13, 2009, Plaintiff was transferred from HCJ to the Central Florida Reception Center. He continued to complain about the pain in his thumb, hand, and arm. He was given pain medication and told that he could see the doctor in a few days when he was scheduled for a complete physical.

On April 6, 2009, Plaintiff was seen by a doctor for a physical. During the physical, Plaintiff complained to the doctor about the pain in his thumb, hand, and arm. The doctor referred Plaintiff to another doctor who, within a couple hours of examining Plaintiff's hand, took an x-ray of Plaintiff's hand and thumb. The x-ray revealed a "transverse fracture, base of distal phalanx of thumb." (Dkt. 10-1 at 3). The doctor who saw Plaintiff for his physical told Plaintiff that the delay in treatment of Plaintiff's fractured thumb caused permanent damage to his thumb and hand. Plaintiff continues to suffer pain in his thumb, hand, and arm, and has lost full use of his left hand.

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments. He also asserts that Defendants Gee, Bliss, Hoffman, and Armor are liable for failing to adequately train their employees. He further alleges that Defendants Gee, Bliss, and Armor have inadequate policies on handling inmates' emergency medical needs. Finally, Plaintiff alleges a state law medical negligence/malpractice claim against all Defendants. As relief, Plaintiff requests nominal, compensatory, and punitive damages against all Defendants. He also requests the Court to enjoin the Florida Department of Corrections and the State of Florida from bringing a "countersuit" against him for costs of incarceration.

**I.     Injunction against Florida Department of Corrections and State of Florida**

Plaintiff requests the Court enjoin the Florida Department of Corrections and the State of Florida from "filing a countersuit for room and board while incarcerated in the State Penal System." (Dkt. 10 at 25). This court, however, must have jurisdiction over a person or entity

before it can validly enter a preliminary injunction against that entity or person. *See e.g., Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990). Because the Florida Department of Corrections and the State of Florida are not parties to this action, the Court does not have jurisdiction over it and cannot enjoin its actions. Consequently, Plaintiff's request for injunctive relief against the Florida Department of Corrections and the State of Florida will be dismissed.

## II.    Claims against John and Jane Does and NP Nurse

With regard to Defendants "John and Jane Doe" and "NP nurse," "fictitious party practice is not permitted in federal Court." *Rolle v. Brevard County, Florida*, 2007 U.S. Dist. LEXIS 6920, 2007 WL 328682 *14 (M.D. Fla. Jan 31, 2007) (citing *New v. Sports Rec., Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997)) (other citations omitted). Although Plaintiff identifies Defendants John and Jane Doe and "NP nurse" as members of the security or medical staff at Hillsborough County Jail, this information is insufficient for the Court to effect service of process on these Defendants. *See Id.*; *Dean v. Barber*, 951 F.2d at 1215-1216. It is possible that the identity of these Defendants will be uncovered during discovery, at which time Plaintiff may seek leave from the Court to amend his complaint. Thus, at this time, the Court will dismiss Defendants John and Jane Doe and "NP nurse" without prejudice.

## III.    State law medical negligence claim

Plaintiff alleges a state law claim for medical negligence/malpractice (Dkt. 10 at 22-23). Florida law sets a two-year limitation period for actions for medical malpractice. See

FLA. STAT. § 95.11(4)(b). Defendants' allegedly failed to provide Plaintiff with adequate medical care in March 2009. Plaintiff did not file his original complaint in this Court until April 2011 (see Dkt. 1). Therefore, to the extent the allegations of the amended complaint allege medical negligence/malpractice, the claim is barred by the two-year statute of limitations.

### Leave to Amend

On or before **February 20, 2012**, Plaintiff shall submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original or amended complaint by reference. **The second amended complaint supersedes the original and amended complaint, and all claims must be raised in the second amended complaint.**

Plaintiff *__must__* limit the allegations in his second amended complaint to claims related to the claims asserted in the amended complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form,

and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint (Dkt. 10) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **until February 20, 2012** to file a second amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action.

**DONE** and **ORDERED** in Tampa, Florida on January 31, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff