**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DERRIC E. THOMPSON,

    Plaintiff,

-vs-                                              Case No.  8:11-cv-839-T-30TBM

THOMAS BLISS, et al.,

    Defendants.
_____/

## ORDER

    Before the Court is the *pro se* prisoner Plaintiff's Second Amended Complaint (Dkt. 13).  The Second Amended Complaint lists the following Defendants in this cause of action: David Gee, Sheriff of Hillsborough County; Major Thomas Bliss; Deputy Quiles; Dr. Harvey Hoffman; Nurse Denise Edmunds; Nurse Stephanie Gilmore; and Armor Correctional Health Services ("Armor").  The Second Amended Complaint lists the following claims: 1) deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments; and 2) "supervisory liability" (Dkt. 13 at 9).  Plaintiff also appears to allege state law claims for "personal injury" (Id. at 24-27).  All claims arise from the alleged denial of medical care to Plaintiff after he broke his thumb playing basketball on March 6, 2009, at Falkenburg Road Jail, Hillsborough County, Florida.

Rule 10(b), F.R.Civ.P., requires that discrete claims should be plead in separate counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). *See also Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("separate, discrete causes of action should be plead in separate counts"). The Second Amended Complaint fails to list the claims against Defendants in separate counts. Instead, the Second Amended Complaint asserts all factual allegations and circumstances into one set of 27 paragraphs, interlacing all the claims.

Moreover, although the Second Amended Complaint alleges "state law claims" for "personal injury," it does not articulate a specific cause of action, such as negligence, medical malpractice, etc., recognized under Florida law sufficient to inform Defendants of the nature of the cause against them. *See Kislak v. Kreedian*, 95 So. 2d 510, 514 (Fla. 1957) ("[A] complaint must allege a cause of action recognized under law against the defendants; otherwise it does not, in contemplation of the rule, inform the defendant of the nature of the cause against him.") (internal quotation marks omitted).

ACCORDINGLY, the Court **ORDERS** that:

1.   Plaintiff's Second Amended Complaint (Dkt. 13) is **DISMISSED** without prejudice.

2.   The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. On or before June 4, 2012, Plaintiff shall file a Third Amended Complaint, submitted on the court form, in which Plaintiff:

    a. Identifies specific claims relative to actions taken against him by the named Defendants and lists these claims in separate counts;

    b. Describes those factual allegations that are material to each specific count against the named Defendants.

4. If Plaintiff fails to file a timely Third Amended Complaint, the Clerk of Court **shall**, without further notice, **dismiss** this action.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff