**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DERRIC E. THOMPSON,

    Plaintiff,

-vs-                                        Case No. 8:11-cv-839-T-30TBM

THOMAS BLISS, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint (Doc. #1) under 42 U.S.C. § 1983 on April 18, 2011. Thereafter, Plaintiff filed an Amended Complaint (Doc. #10), Second Amended Complaint (Doc. #13), and finally a Third Amended Complaint (Doc. #17). The Third Amended Complaint lists the following Defendants in this cause of action: 1) David Gee, Sheriff of Hillsborough County; 2) Major Thomas Bliss; 3) Deputy Quiles; 4) Dr. Harvey Hoffman; 5) Nurse Denise Edmunds; 6) Nurse Stephanie Gilmore; and 7) Armor Correctional Health Services ("Armor"). The Third Amended Complaint asserts claims for: 1) deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments; 2) "supervisory liability"; and 3) state law claims for "personal injury" and medical malpractice. All claims arise from the alleged denial of medical care to Plaintiff after he broke his thumb playing basketball on March 6, 2009, at Falkenburg Road Jail,

Hillsborough County, Florida. As relief, Plaintiff requests nominal, compensatory, and punitive damages.

On October 12, 2012, each Defendant filed a Dispositive Motion to Dismiss Plaintiff's Third Amended Complaint ("Motions to Dismiss") (Docs. #28-34), in which they argue, *inter alia*, that Plaintiff failed to exhaust administrative remedies. Plaintiff filed a Response to the Defendants' Motions to Dismiss Third Amended Complaint ("Response") (Doc. #41).

## DISCUSSION

### I. State Law Medical Malpractice Claim

Initially, in his response Plaintiff "voluntarily dismisses any state law claim(s) for medical malpractice presented in the complaint." (Id. at 8). Accordingly, no analysis is necessary as to Plaintiff's state law medical malpractice claim, which will be dismissed.

### II. Failure to Exhaust Administrative Remedies

Pursuant to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his

2

administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander*, 159 F.3d at 1326).

In *Alexander*, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

Defendants contend that Plaintiff has failed to exhaust his available administrative grievance remedies, as required by the PLRA.[1] In his response, Plaintiff concedes that he did not complete the jail's administrative remedy process (Doc. #41 at 3-6). He argues, however, that his failure to exhaust administrative remedies was "justified" because the jail's inmate grievance procedure "was not available to [him]" since he was transferred from the jail to the Florida Department of Corrections only seven days after the incident (Id.).

First, Plaintiff fails to explain why he did not or was unable to initiate the grievance procedure during the seven days he remained at the jail following the injury to his thumb.

---

[1] In support of their motions to dismiss, Defendants submitted the Hillsborough County Sheriff's Office Standard Operating Procedure regarding Inmate Grievances (see, e.g., Doc. #28-1). "[P]arties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion to dismiss into a summary judgment motion." *Brown v. Darr*, 2010 U.S. Dist. LEXIS 31940, *8 (M.D. Ga. Mar. 3, 2010).

Second, after Plaintiff was transferred from the jail to the Department of Corrections on March 13, 2009, there is no indication that the jail's grievance procedure was no longer available to him prior to filing this action. Plaintiff could have attempted to grieve the alleged denial of medical care by sending a grievance or letter to the jail via U.S. mail.[2] *See, e.g., Nelson v. Person*, 2011 U.S. Dist. LEXIS 84329, *7 (S.D. Ga. June 13, 2011) (unpublished) ("Nelson's transfer from the Jail to a state prison did not relieve him of his exhaustion obligation.") (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) ("Bryant was ... transferred to another prison where the threat of violence was removed. There, he could have filed an out-of-time grievance and then shown good cause for its untimeliness. Because he did not, Bryant failed to exhaust an administrative remedy that was available to him."); *Napier v. Laurel County*, 636 F.3d 218, 223-25 (6th Cir. 2011) (mere fact of a transfer from county jail to state correctional institution did not affect a prisoner's obligation to exhaust his administrative remedies before filing suit where nothing in the county jail's procedure explicitly prohibited inmates from filing grievances after they have been released from that facility). *But see, Bradley v. Washington*, 441 F. Supp. 2d 97, 103 (D.D.C. 2006) (concluding that prisoner's transfer from District of Columbia correctional facility into federal custody "rendered unavailable administrative review of his claims...that occurred at the D.C. Jail" where grievance procedure made "no provision for the submission of complaints by prisoners no longer detained by the Department").

---

[2]The Court notes that Plaintiff himself now suggests attempting to utilize the jail's grievance procedure "through U.S. Mail from FDOC custody to Hillsborough County Jail. . . ." (Doc. #41 at 6). Further, nothing in the jail's grievance procedures explicitly prevented Plaintiff from submitting an administrative complaint after his transfer to a state correctional facility (see Doc. #28-1).

4

Plaintiff has failed to demonstrate that the jail's grievance procedures were unavailable to him. Therefore, he failed to exhaust his administrative remedies as were available to him at the jail. Consequently, the complaint is due to be dismissed without prejudice.[3]

Accordingly, the Court **ORDERS** that:

1. Defendants' Motions to Dismiss (Docs. #28-34) are **GRANTED** solely to the extent that: (1) the state law medical malpractice claim is **DISMISSED** pursuant to Plaintiff's voluntary dismissal of the claim; and (2) this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust the available administrative remedies.

2. The Clerk of Court shall dismiss this case without prejudice, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 31, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Plaintiff *pro se*
Counsel of Record

---

[3] Plaintiff suggests the Court hold this action in abeyance while he attempts to exhaust administrative remedies (Doc. #41 at 6). Exhaustion, however, is "a pre-condition to suit[.]" *Alexander*, 159 F.3d at 1326. *See also*, *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit") (citation omitted).

5